UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'11 CIV 5788

-----------------------------------------------------------------x

CHASE MANHATTAN BANK DELAWARE, trustee for
CIT Marine Trust 1999-A

                  11-cv-_____

v.

M/Y PISCES 3-13 (O.N. 1067407),
her engines, tackle, equipment, and
appurtenances *in rem*

JUDGE BRICCETTI

and

**VERIFIED COMPLAINT
IN ADMIRALTY**

PERRY GRASSI *in personam*

-----------------------------------------------------------------x

     Chase Manhattan Bank Delaware, trustee for CIT Marine Trust 1999-A ("Plaintiff"), files this complaint against the M/Y PISCES 3-13 (O.N. 1067407), her engines, tackle, equipment, and appurtenances (collectively, the "Vessel"), *in rem*, and against Perry Grassi, *in personam*, alleging as follows:

### PARTIES

     1.    Plaintiff is a national banking association having its principal office at 1201 Market Street, Wilmington, DE 19801.

     2.    The Vessel is a 42-foot Maxum Marine pleasure craft bearing Official No. 1067407and Hull Identification No. BL2A28MLI789 and, upon information and belief, is now within this district.

     3.    Upon information and belief, Perry Grassi is a citizen of New York and resides at 185 Gailmor Drive, Yonkers, NY 10805.

**JURISDICTION**

4.       This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

5.       This action is brought under the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301-31343, and in particular, 46 U.S.C. § 31325(b)-(c).

6.       Venue in this district is proper under the general maritime law and Supplemental Admiralty Rule C(2)(c).

**COUNT I — Against the Vessel *in rem***

7.       The allegations of paragraphs 1 through 6 of this complaint are incorporated as if fully set forth herein.

8.       On or about April 13, 1998, Perry Grassi executed and delivered a Preferred Ship Mortgage ("Mortgage") to The CIT Group/Sales Financing, Inc., covering the whole of the Vessel and securing a principal indebtedness of $199,405.05 and the performance of other obligations, including monthly installment payments of $1,982.71 over a period of 180 months as set forth in an accompanying Retail Installment Contract.   A true and correct copy of the Mortgage is attached hereto as Exhibit A.   A true and correct copy of the Retail Installment Contract is attached hereto as Exhibit B.

9.       The Mortgage was duly filed and recorded at the United States Coast Guard's National Vessel Documentation Center on May 5, 1998.   A true and correct copy of the Vessel's Abstract of Title, as maintained by the National Vessel Documentation Center, is attached hereto as Exhibit C.

10.       On April 9, 1999, The CIT Group/Sales Financing, Inc. assigned the Mortgage to Plaintiff, and a copy of the assignment was duly filed and recorded at the National Vessel

2

PBH369762.1

Documentation Center on April 12, 1999.  Vericrest Financial, Inc., as successor to The CIT Group/Sales Financing, Inc., continues to act as the servicer for the Mortgage.

      11.    At all material times, the Vessel was documented under the laws of the United States.

      12.    Perry Grassi has defaulted under the terms of the Mortgage by, among other things, allowing unpaid storage charges to accrue at a marina, which has claimed a lien on the Vessel for the unpaid storage charges and notified Vericrest of its intent to sell the Vessel on September 2, 2011, to enforce its claim of lien.  A true and correct copy of the Notice of Lien and Sale is attached hereto as Exhibit D.  Allowing a third-party supplier to assert, and purportedly enforce, a lien for unpaid storage charges is an event of default under the terms of the Mortgage, including but not limited to paragraphs 18, 21, 24, and 27.

      13.    Under 46 U.S.C. § 31326(b)(1) and the general maritime law, Plaintiff's preferred mortgage lien is superior to any interest, lien, or claim that any third-party supplier, or any potential buyer at the sale scheduled for on September 2, 2011, may assert in, on, or against the Vessel.

      14.    There is an outstanding indebtedness of more than $97,037.10 due under the Mortgage, together with interest, collection and recovery costs, attorneys' fees and expenses, and additional indebtedness that will accrue until this action is concluded.

      WHEREFORE, Plaintiff prays that:

      A.    An arrest warrant be issued and served on the Vessel forthwith as provided by Supplemental Admiralty Rule C, with all persons asserting a right of possession or any ownership interest in the Vessel cited to appear and answer the allegations in this complaint;

      B.    Plaintiff's preferred mortgage lien be declared superior to any interest, lien, or claim that any other person or entity may have in, on, or against the Vessel; and

3

PBH369762.1

C.      Judgment be entered for Plaintiff and against the Vessel *in rem* in the amount of $97,037.10, plus interest, collection and recovery costs, and attorneys' fees and expenses accruing up to the date on which such judgment is entered;

D.      The Vessel be condemned and sold in accordance with 46 U.S.C. § 31326(a);

E.      Plaintiff be entitled to proceed against Perry Grassi *in personam* for any deficiency that remains due after applying the Vessel's sale proceeds to the outstanding indebtedness; and that

F.      Plaintiff have further relief as the Honorable Court deems proper.

## COUNT II — Against Perry Grassi *in personam*

15.     The allegations of paragraphs 1 through 14 of this complaint are incorporated as if fully set forth herein.

16.     Perry Grassi is personally liable under both the Mortgage and 46 U.S.C. § 31325(b)(2) for the outstanding indebtedness or for any deficiency that remains due after applying the Vessel's sale proceeds to the outstanding indebtedness.

17.     There is an outstanding indebtedness of more than $97,037.10 due under the Mortgage, together with interest, collection and recovery costs, attorneys' fees and expenses, and additional indebtedness that will accrue until this action is concluded.

WHEREFORE, Plaintiff prays that:

A.      Judgment be entered for Plaintiff and against Perry Grassi *in personam* in the amount of $97,037.10, plus interest, collection and recovery costs, and attorneys' fees and expenses accruing up to the date on which such judgment is entered or, alternatively, in the amount of any deficiency that remains due after applying the Vessel's sale proceeds to the outstanding indebtedness; and that

4

B.      Plaintiff have further relief as the Honorable Court deems proper.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By:

Michael B. McCauley (ID 2409407)
140 Broadway, 46th Floor
New York, NY 10005
(212) 406-1855
(212) 858-7651 (Fax)
mccauley@pbh.com
Attorneys for Plaintiff

Dated:   August 12, 2011

5

## VERIFICATION

I, Michael B. McCauley, declare as follows:

1.      I am an attorney with the firm of Palmer Biezup & Henderson LLP, counsel for

Plaintiff.

2.      The facts alleged in the foregoing complaint are true and correct to the best of my

knowledge and belief based upon information and records provided by Vericrest Financial, Inc.,

who acts as the servicer of the preferred ship mortgage at issue in the complaint, and based upon

records obtained from the United States Coast Guard's National Vessel Documentation Center.

3.      I am executing this verification because authorized officers of Plaintiff are not

readily available to sign it.

4.      I declare under penalty of perjury that the foregoing is true and correct.

5.      Executed this 12th day of August, 2011.

Michael B. McCauley (ID 2409407)
140 Broadway, 46th Floor
New York, NY 10005
(212) 406-1855
(212) 858-7651 (Fax)
mccauley@pbh.com
Attorneys for Plaintiff

6

(Page 1 of 12)

## RETAIL INSTALMENT CONTRACT

| Date | | | For Office Use Only | | |
|------|---|---|---|---|---|
| Month | Day | Year | RBC | Dealer | Transaction |
| 04 | 13 | 98 | | | |

**Customer(s) Name(s) and Address(es)**
Jerry Carucci
125 Gilmor
Yonkers NY 10710

**Seller Name and Address**
Louis Moving Ltd
941 Boston Post Rd
Westbrook CT 06498

The words "I", "me" and "my" refer to the Customer and Co-Customer signing this contract jointly and severally. The words "you" and "your" refer to the Seller (or Holder if this contract is assigned)
I have today bought and received in satisfactory condition the commodity described below, including attachments, equipment, accessories and

related services (referred to collectively as "commodity") under the terms and provisions on the front and back of this contract. You may assume that I have received the commodity even if I am storing it at Seller's yard or marina and it will not be commissioned or launched until the next boating season

**Commodity and Equipment (Describe)**
BOAT NEW OR USED MODEL/YEAR
[ ] New    Manufacturer MAXUM    Model 4100 SCR
[ ] Used
Length 41    Hull Color    Hull Id # BL220ML1798
Equipment included 98 CUMMINS 370 65573944 65516903

**BOAT TRAILER (if included)**
New or Used    Year and Make    Series, or Trade Name    Description

Identification No (Serial No)    State Registration No

☑ If box at left is checked, U S Coast Guard Documentation and a preferred mortgage on the commodity are required by you for this financing and I have read the paragraph headed "FEDERAL DOCUMENTATION" on the back of this contract I have every right a copy of an undertaking by the documentation service to do the work at my expense A preferred mortgage is intended to cover only a commodity or part of a commodity that is documented under the laws of the United States
This commodity is not intended to be used for charter or other commercial use without the express written permission of assignee and is not intended to be used as the principal dwelling of the Customer or anyone else

**ANNUAL PERCENTAGE RATE** 8.50 — The cost of my credit as a yearly rate
**FINANCE CHARGE** $157,442.75 — The dollar amount the credit will cost me
**Amount Financed** $199,443.85 — The amount of credit provided to me or on my behalf
**Total of Payments** $356,887.00 — The amount I will have paid after I have made all payments as scheduled
**Total Sale Price** $381,442.75 — The total cost of my purchase on credit, including my downpayment of $24,554

| My payment schedule will be | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|
| | 180 | 1,982.71 | Monthly, beginning 05-28-1998 |

**SECURITY** — I am giving you a security interest in the commodity purchased in this transaction
**LATE CHARGE** — If a payment is more than 10 days late, I will pay you 5% of the late amount or $10.00, whichever is less
**PREPAYMENT** — If I pay off early, I will not have to pay a penalty
See the contract document for any additional information concerning nonpayment, default, and any required repayment in full before the scheduled date

* e means estimate

### Itemization of the Amount Financed

1 Cash Price
  (a) Vessel    $224,000.00
  (b) Trailer    N/A
  (c) Total Cash Price (a+b)    $224,000.00
2 a (i) Trade-In Year, Make & Model
      98 SEA RAY 330 DA
  (ii) Gross Allowance    $108,000.00
  (iii) Less Owing    $99,445.05
      Paid to KEY BANK USA
  (iv) Net Agreed Value of Trade-In    554.95
  b Deferred portion of cash downpayment    N/A
  c Manufacturer's rebate applied to downpayment    N/A
  d Remaining cash down-payment (b+c)    $24,000.00
  e Total Downpayment (a(iv)+b+c+d)    $24,554.95
3 Unpaid Balance of Cash Price (1c+2e)    $199,445.05
4 Other Charges
  (a) Official Fees (Paid to Public Officials)
    (i) Financing Statement Filing Fee    N/A
    (ii) State Certificate of Title Fee    N/A
    (iii) U S Coast Guard Filing Fees    N/A
    (iv) State Registration Fee(s)    N/A
    (v) State License Fee(s)    N/A
    (vi) Total Official Fees (i+ii+iii+iv+v)    N/A
  (b) Taxes (Paid to Public Officials)    N/A
  (c) Federal Documentation Service Fee (Paid to Documentation Service if financed)    N/A
  (d) Documentary Charge for State Titling (Paid to Seller)    N/A
  (e) Service Warranty Fee (Paid to Seller)*    N/A
  (f) Insurance Charges*
    (i) For damage to Commodity (vessel hull coverage) $    N/A    Paid to Insurance Companies
    (procured by)
    (ii) Protection and Indemnity (liability coverage) $    N/A
    (procured by)
    (iii) Credit Life Insurance $    N/A    *You may be obtaining a portion of these amounts
    (procured by)
    (iv) Credit Accident & Health Ins $    N/A
    (procured by)
    (v) Total Insurance Charges (i+ii+iii+iv) $    N/A
  (g) Total Other Charges (a(vi)+b+c+d+e+f(v))    N/A
5 Amount Financed (3+4(g))    $199,445.05

Date you start charging finance charge, if not the same as the date of this contract
If means that I have not yet received the commodity, but expect to receive it by that date)

### Insurance Coverages
No Coverages Included Except as Shown Below and Under Item 4f at Left
Hull and Protection and Indemnity Insurance are required for credit for any boat commodity and collision insurance for any boat trailer

**Hull Insurance**
[ ] Dual Interest  [ ] Current Agreed Value ($ ___)
[ ] Actual Cash Value of Boat
   Deductible $ ___
[ ] Single Interest Hull Insurance covering Holder's interest only subject to policy terms
[ ] Other (describe) ___
**Liability Insurance (protection and indemnity)**
   Limits of Liability for Bodily Injury [ ] Each occurrence $300,000
[ ] Other $ ___  [ ] All occurrences in policy period $ ___
   or [ ] Single Limit $ ___
[ ] Property Damage to Others $ ___
[ ] Medical Payments $ ___ 000 $ ___ 000
Customer may choose the agent and insurer through or by which the insurance described above is to be obtained or placed

**Credit Insurance Election**
Credit Insurance is not required by Seller
The undersigned (check applicable boxes)
[ ] Request(s) Credit Life Insurance on the life of the Customer who first signs below, the cost of which is shown in item 4(f)(iii) at left for the term of ___ months
[ ] Request(s) Joint Credit Life Insurance on the lives of both Customers, the cost of which is shown in item 4(f)(iii) at left for the Term of ___ months
[ ] Request(s) Credit Accident and Health Insurance on the Customer who first signs below, the cost of which is shown in item 4(f)(iv) at left for ___ months
[X] Do(es) not want any Credit Insurance

_____    _____
Customer's Signature to above statement    Date

_____    _____
Co-Customer's Signature to above statement    Date

Unless a Premium for Liability Insurance is Disclosed Above:
**INSURANCE COVERAGES ABOVE DO NOT INSURE AGAINST LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**
If insurance on the commodity or liability insurance are not included herein, I will furnish copy of policy with long form loss payable clause if available, purchased from TOTAL DOLLAR

Agent's Name and Address

Name of Insurance Company

(Contract continued on the other side)
I acknowledge receipt of a true copy of this contract which was completely filled in prior to my signing of this RETAIL INSTALMENT CONTRACT.

**NOTICE TO THE BUYER:**
1. Do not sign this contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of the contract when you sign it. 3. Under the law, you have the following rights, among others: (a) To pay off in advance the full amount due without penalty; (b) to redeem the property if repossessed for a default; (c) to require, under certain conditions, a resale of the property if repossessed. conditions, a resale of the property if repossessed.

Customer _____  Co-Customer _____

This contract is accepted by the Seller and is assigned by the Seller under the terms of the assignment on the reverse    Because the Seller has agreed to sell the commodity described above to the Customer, I agree to give the Seller a security interest in the commodity. I am not obligated to pay by signing below

By Louis Moving Ltd    Date 4/13/98

Signature of Seller    _____    Late Charge

ORIGINAL

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Seller's Assignment**

[See other side for Seller's signature in assignment]
ASSIGNEE  The CIT Group/Sales Financing, Inc.

**PREFERRED MORTGAGE**

26676734

NAT...

PRE...

PREFERRED

15 MAY '98    10.12 AM

RECORD BOOK 98-42 PN - 408

Filed by and return to:

Firm Name  Hailing Port Service Inc.
Address  19 Schofield St., Bronx, NY 10464
Telephone No  718-885-2137
Fax No  718-885-2427

PREFERRED MORTGAGE dated          April 13,                           19 98
Under the Maritime Liens and Mortgages Act

(46 U S C ch 313, sometimes called "Federal Mortgage Law"), as amended, Securing A Retail Installment Contract-Security Agreement (the "Contract") dated          April 13         , 1998     between LOUIS MARINE LTD.          as Seller and Mortgagee as Buyer covering the Boat Which Contract Has Been Assigned by Seller to Mortgagee

This is a Preferred Ship Mortgage (the "Mortgage") on the vessel described below (the "Boat") which is being created under Federal Mortgage Law The Amount of the Mortgage as required to be shown by the Federal Mortgage Law, is The Amount Financed under the Contract of $ 199,445.05                           This Mortgage also secures repayment of Finance Charge computed on a simple interest basis and it accrues and performance of Mortgage representations, warranties and promises

The Maturity Date of this Mortgage is          April 28,          , 20 13

**1  PARTIES:** Mortgagor (Check applicable box(es))
Owning the boat as
- [XX] one individual
- [ ] Individuals, as tenants in common each owning an undivided interest in the boat
- [ ] Joint tenants with right of survivorship
- [ ] community property
- [ ] other
- [ ] tenants by the entirety

Named          Perry Grassi                              (together called "Mortgagor),
who (is) (are) the sole owner(s) of the Boat, and reside(s) at 185 Gailmor Drive, Yonkers, NY 10805

Mortgagee     The CIT Group / Sales Financing Inc.
Address        715 S. MEtropolitan Avenue, Oklahoma City, OK 73124-0610

The words I, me, my, and mine mean everyone who signs this Mortgage and where applicable, any Other Owner, and the personal representatives, successors and assigns of Mortgagor and any Other Owner The words you and your mean the Mortgagee and anyone who has Mortgagee's rights under this Mortgage

**2  DESCRIPTION OF BOAT** covered by this Mortgage is described below

Vessel Name    PISCES 3-13                    Former Name of Vessel (if any)
Date of documentation, if issued                 Official No / hull id: BL2A28MLI798    106T4C7
C G Documentation to issue from  NVDC          Hailing Port  Tarrytown, NY
Summer Mooring  Tarrytown, NY                  Winter Mooring/Storage    Tarrytown, NY
                                               (if different from Summer Mooring)

**3  MORE THAN ONE MORTGAGOR:** If more than one of us signs this Mortgage, each of us is responsible for repayment of the full amount of the Debt and doing everything required of Mortgagor, unless specifically stated otherwise below  You may use one Mortgagor without joining or notifying any co-Mortgagor You do not have to notify one Mortgagor that another has defaulted under this Mortgage  You may give one Mortgagor extensions to pay or change or release such Mortgagor's responsibility without releasing any co-Mortgagor or treating a co-Mortgagor in the same way  Each person who signs this Mortgage as an Other Owner makes all of the title warranties but none of the other promises

**4  MORTGAGE DEBT:** This Mortgage secures the obligations (the "Debt") now due or which may become due in the future to you under the Contract assigned to you by Seller named above and the full and timely performance of the obligations of Mortgagor under this Mortgage

**5  PAYMENT:** I will pay the Mortgage Debt and perform my obligations as the grantor of this Mortgage

**6  GOVERNING LAW** The parties have chosen Federal Mortgage Law to cover all of the provisions of this Mortgage  In particular, 46 U S C §31322(b) covers the Finance Charge provisions of the Contract and this Mortgage  To the extent not in conflict with Federal Mortgage Law, gaps in Federal Mortgage Law as to non-interest provisions, and only to such extent, shall be governed by the law of the State of          Connecticut          ("State Governing Law")  In the case of remedies, the law of the state where a given remedy is to be exercised may govern

**7  MORTGAGE:** To secure the Debt, I mortgage to you the whole of the Boat named above together with all masts, towers, boilers, cables, engines, machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now forming part of the Boat or used in or on the Boat or which may become part of the Boat in the future, whether or not removed from the Boat (all called the "Boat"), in any event, this Mortgage shall cover only items which may be mortgaged under the Federal Mortgage Law  This Mortgage may be filed before a certificate of documentation has been issued

**8  CITIZENSHIP:** Until this Mortgage is fully paid, I will remain a citizen of the United States within the meaning of the Shipping Act of 1916, as amended, and other applicable federal law and regulations, as amended

**9  FEDERAL DOCUMENTATION AND CONTINUED OWNERSHIP:** I am the sole owner of the Boat which is or is to be documented under my name under the laws of the United States  You may surrender any state certificate of title or ownership covering the Boat as required by federal law prior to the issuance of a certificate of documentation  If such a certificate of title or ownership is in my possession, I will surrender it to you for such purpose  Once the boat is documented in my name, I will continue to keep such certificate of documentation and my right to own and operate the Boat in force until this Mortgage is fully paid

**10  DISPLAY OF MORTGAGE ON BOAT:** I will prominently display and keep the Boat's certificate of documentation and a completed copy of this Mortgage with the Boat's papers in the pilot house, if any, chart room or master's cabin  I will show them to all persons having business with the Boat and to you on demand

**11  NO PRIOR LIENS.** On the date of this Mortgage, I lawfully own and possess the Boat free from all liens and encumbrances, except for the lien of this Mortgage

**12  TITLE WARRANTY:** I warrant title to the Boat  This means that I own the Boat and I am responsible for your expenses or losses if anyone other than you successfully claims an interest in the Boat or any part of it which adversely affects or forces you to incur expense to defend your interest in the Boat as a creditor

**13  RISK OF LOSS**  Damage, destruction or other loss of the Boat will not release me from my obligations to you under the Contract or this Mortgage  I will let you know as soon as I can if the Boat becomes damaged or destroyed or disappears

**14  INSURANCE:** Until the Mortgage is fully paid and except as restricted by the Contract, I will maintain a yacht insurance policy covering the Boat for hull damage in an amount not less than the insured amount set forth in the Contract or the outstanding principal balance of the Contract whichever is greater - (except as otherwise restricted by State Governing Law) - less the deductible specified in the Contract, liability to others in the amount shown on the Contract and Harborworkers and Longshoreman's Compensation at the statutory maximum  The risks against which I must insure are (1) fire, theft and collision, (2) water and weather condition damage, and (3) such other hazards as you may reasonably require  Subject to State Governing Law which may allow me to choose any insurer qualified to do business in the applicable state, the insurance company must be reasonably acceptable to you  The insurance must protect you and me and must be written for a year at a time  I must pay the premium in advance before each policy year begins and give you proof of payment  You may ask the insurance company to pay any loss to you  You may use the proceeds of the insurance either to repair the Boat or to make payments under this Mortgage  You may sign any proof of loss and endorse any check, draft or other form of payment issued by the insurance company or its agent as a loss payee  If at any time before this Mortgage is fully paid such insurance lapses or is cancelled, you may buy replacement coverage protecting you and me or, if allowed by State Governing Law, you alone and I will pay the premiums for such coverage at your request as required by the Contract with Finance Charge at the Annual Percentage Rate in effect under the Contract

a22

I HAVE READ OR HAD A CHANCE TO READ AND COMPARE BOTH THIS MORTGAGE AND THE RETAIL INSTALLMENT CONTRACT SECURED BY THIS MORTGAGE. BOTH DOCUMENTS WERE COMPLETELY FILLED IN, EXCEPT FOR THE U.S. COAST GUARD OFFICIAL NUMBER IN THE CASE OF A BOAT FOR WHICH SUCH A NUMBER HAS NOT YET BEEN ISSUED.

ON THE DAY and year written at the beginning of this Mortgage I have signed this Mortgage

Witness

Perry Grass Individual Mortgagor _____

Individual Co-Mortgagor _____

Trust Mortgagor _____

Name _____

Address _____

By _____

Name _____

Title (check applicable box)

☐ Its Attorney-in-Fact
☐ Officer
☐ Trustee

Other Owners (Any persons owing an interest in the Boat who join in granting this Mortgage but are not obligated to make payments)

Name _____

Address _____

Name _____

Address _____

'5 MAY '98    10.12 AM

RECORDED BOOK    15

ACKNOWLEDGEMENT

STATE OF ___NEW YORK_____ , COUNTY OF ___ORANGE_____ ss

On this ___13th___ day of ___April___ , 19 _98_ , before me personally came and appeared (check applicable box)

☑  Perry Grassi
      (INDIVIDUAL MORTGAGOR(S))

☐
      (OTHER OWNERS)

☐
      (ATTORNEY-IN-FACT FOR MORTGAGOR(S) AND ANY OTHER OWNER(S) SIGNING THIS MORTGAGE)

to me known to be the person(s) described in and who executed the foregoing Mortgage, and (he) (she) (they) acknowledged to me that (he) (she) (they) executed and delivered this same as (his) (her) (their) free act and deed for the uses and purposes therein set forth

Margaret M Davidson
      (Notary Public)

My Commission expires ___9/30/98___

(stamp)      MARGARET M. DAVIDSON
             Notary Public, State of New York
             Qualified in Orange County
             # 4768860
             Commission Expires September 30, 1998

☐
      (TRUST MORTGAGOR)

to me known, who being by me duly sworn, did depose and say that (he) (she) resides at No _____
                                          (Street/Avenue)

City of _____

County of _____

State of _____

that (he) (she) is (Title) _____ Trustee

of _____
          (Name of Trust)

a revocable trust organized under the laws of the State of _____ , the trust described in and which executed the foregoing Mortgage, that (he) (she) signed (his) (her) name thereto as sole trustee or by order of the Board of Trustees, and (he) (she) acknowledged to me that (he) (she) executed said Mortgage as such Trustee of said trust, and that the same is the free and voluntary act and deed of said trust and of (himself) (herself) as such Trustee thereof, for the uses and purposes therein expressed

_____
      (Notary Public)

My Commission expires _____

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1332 (Rev. 6-93) | GENERAL INDEX OR ABSTRACT OF TITLE | OMB APPROVED 2115-0110 |
|---|---|---|

VESSEL BUILT AT ___VALDOSTA  GA___

(AND) _____ IN ___1997___     ___1067407___
                                                    (OFFICIAL NUMBER)
BY ___MAXUM MARINE___                               ___BL2A28MLI798___
                                                    (HULL ID NUMBER)
                                              (5) _____
FOR ___LOUIS MARINE LTD___                    (4) _____
                                              (3) _____
_____   (2) _____
BUILDER'S CERTIFICATE DATED ___APRIL 2, 1998___   (1) ___PISCES 3-13___
TITLE ASSIGNED TO _____     NAME OF VESSEL

| INSTRUMENT. | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| BS | 100 | 4  13  98 | $1.00 | | 98-42 | 407 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| NVDC | | 5   15  98 | | 10 12 AM | | – – – |

GRANTOR

    LOUIS MARINE LTD

GRANTEE

    PERRY GRASSI

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| PM | 100 | 4  13  98 | $199,445.05 | | 98-42 | 408 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| NVDC | | 5   15  98 | | 10 12 AM | | – – – |

GRANTOR

    PERRY GRASSI

GRANTEE

    THE CIT GROUP/SALES FINANCING INC
    715 S METROPOLITAN AVE   OKLAHOMA CITY  OK 73124

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| AGPM | 100 | 04 09 99 | – | | 99-49 | 673 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| NVDC | | 04 12 99 | | 01 14 PM | | – – – |

GRANTOR
Refers to Book 98-42  Page 408
The CIT Group/Sales Financing Inc

GRANTEE
Chase Manhattan Bank Delaware, Trustee for CIT Marine Trust 1999-A
1201 Market St, Wilmington, DE  19801

☐ ISSUED AS AN ABSTRACT OF TITLE     ☐ ISSUED FOR CHANGE OF PORT OF RECORD

DATE:          TIME:

PAGE:     OF     PORT:          _____
                                       DOCUMENTATION OFFICER

PREVIOUS EDITION MAY BE USED                    Page 1 of 2
PREVIOUS EDITION MAY BE USED

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | GENERAL INDEX OR ABSTRACT OF TITLE Continuation Sheet No. 1 | Official No. 1067407 |

ISSUED AS AN ABSTRACT OF TITLE AS OF

DATE: August 10, 2011        TIME: 09:29 AM

CYNTHIA BARRETT
_____

**NATIONAL VESSEL DOCUMENTATION CENTER**

.

08/05/2011  14:56   9149411251          WESTERLY MARINA                    PAGE  02
AUG-25-2011 15:49 From:                 9174644502        To:9149411251        Page:2/3

New York State Department of Motor Vehicles

### NOTICE OF LIEN AND SALE
Under Sections 184 and 201 of the Lien Law of the State of New York



RECEIVED AUG 0 9 2011

TO:  OWNER:  **PERRY GRASSI**
(Name)

**185 GAILMORE DR YONKERS NY 10710-3503**
(Address, including Apt. No.)

TO: LIENHOLDER:  **CHASE MANHATTAN BANK DELAWARE TRUSTEE FOR CIT MARINE TRUST 1999-A**
(Name)

**1201 N MARKET ST WILMINGTON DE 19801-1147**
(Address, including Apt. No.)

☒ *Please check this box if there are additional lienholders or interested parties, and attach a list of their names and addresses.*

For titled vehicles and boats, you may obtain lien and title information by contacting the Department of Motor Vehicles, Certified Document Center, 6 Empire State Plaza, Albany, New York 12228. Please include a fee of $10 with each vehicle or boat request. Lienholder information about vehicles that are not subject to NYS titling laws is available from the county clerk in the county in which the owner resides.

Please take notice that **WESTERLY MARINA INC - 7 WESTERLY RD OSSINING NY 19562** hereby claims a lien
(GARAGEMAN'S BUSINESS NAME AND ADDRESS)

on the following motor vehicle or boat now in the garageman's possession, under Section 184 of the Lien Law of the State of New York:

VEHICLE OR HULL ID NUMBER **BL2A26ML796**

YEAR **1997**                                   PLATE NUMBER (if available) **1067407** USCG OFFICIAL NUMBER

MAKE **MAXUM**                                  MODEL **42FT**

ESTIMATED RETAIL VALUE PRIOR TO FILING OF THE LIEN $ **50000.00**

The nature of the lien (towing and/or daily storage charges listing the number of days and cost per day, including the date of the tow and/or the date the storage charges began) with an itemized statement of the claim, the date it was due, and the total amount due is listed below. If repair costs are claimed, a copy of the invoice (dated) which itemizes the cost of parts and labor is attached. Authorization to tow, store or repair is also attached.

| TOWING | REPAIR | STORAGE |
|---|---|---|
| | | Date storage began **04/24/2010** |
| Date Towed  **N/A** | | Number of days  **3 SEASONS** |
| | | Price per day  $ |
| Amount owed  $ **N/A** | Amount owed  $ **N/A** | Amount owed  $ **7904.05** |

DATE ORIGINAL CLAIM WAS DUE: **04/24/2010**  AUCTIONEER/LEGAL FEES: **300.00**  TOTAL AMOUNT DUE $: **8204.05**

An additional lien is claimed for storage charges from **08/06/2011** to the date of payment or sale, and for charges
(DATE)
incurred in enforcing this lien.

You may redeem this motor vehicle or boat on or before **08/17/2011** (date must be at least 10 days AFTER service of this notice).
(DATE)

Otherwise, the motor vehicle or boat will be advertised for sale at public auction on (date must be at least 15 days AFTER the first date of publication):

DATE: **09/02/2011**      PLACE:  **7 WESTERLY RD OSSINING NY 19562**

TIME: **9:00AM**      BY:  **KELLY WALKER-MCLEES, AUCTIONEER**
(AUCTIONEER)

If you dispute the validity or the amount of this lien, you are entitled to bring a court proceeding under Section 201-a of the Lien Law within 10 days of service of this Notice of Lien.

I am the garageman with respect to the motor vehicle or boat described in this notice. To the best of my knowledge and belief, the facts stated in this notice are true, the lien claimed on said motor vehicle or boat is valid, and the debt upon which such lien is founded remains unpaid.

_Joseph R Much_                      **08/06/2011**        **JOSEPH DE MARCHIS, MANAGER**
(GARAGEMAN'S SIGNATURE - Please sign name in full)      DATE        (GARAGEMAN'S NAME - Print)

**WESTERLY MARINA INC - 7 WESTERLY RD OSSINING NY 19562**      TEL# (914) 941-2203
(GARAGEMAN'S ADDRESS - Print)

*If signing for a corporation, please print your full name, address and title.*

IMPORTANT: False statements are punishable under Section 392 of the Vehicle and Traffic Law and Section 210.45 of the Penal Law.

MV-901A (10/06)                        www.nysdmv.com



**New York State Department of Motor Vehicles**
**NOTICE OF LIEN AND SALE**
**Under Sections 184 and 201 of the Lien Law of the State of New York**

*Attached is a list of additional lienholders or interested parties their names and addresses.*

THE CIT GROUP / SALES FINANCING INC
715 METROPOLITAN AVE
OKLAHOMA CITY OK 73108-2088